KNAPP and DAVIS, assignees of Armstrong, sheriff of Seneca, *vs.* COLBURN and others.

A *replevin bond is assignable* only in cases where the goods replevied were taken as a *distress for rent*, and such fact must be averred in a declaration by assignees or it will be bad.

When goods not taken as a distress for rent are replevied, the sheriff is not bound to take a bond; the nature and form of the security in such case is left to his discretion and is not assignable, so that the defendant in replevin may sustain an action upon it in his own name.

In an action on the bond it is not necessary to aver the issuing of a writ *de retorno habendo* and a return of *elongata;* in an action against the sheriff under the fourth section of the replevin act for taking insufficient securiritv, such averments are necessary.

DEMURRER to declaration. The declaration states, that, on, &c. at, &c. the plaintiffs took and detained certain timber of E. Colburn and J. Burray; that Colburn and Burray made their plaint to the sheriff of Seneca, *out of the county court of the said sheriff,* of the taking and detaining the same and prayed the sheriff that the timber might be forthwith replevied and delivered to them; that thereupon the sheriff, according to the form of the statute in such case made and provided, did take from Colburn and Burray, and from E. W. and G. B. two responsible sureties, a bond in double the value of the timber so taken and detained, the value of the

same having been first ascertained by the oath of a credible witness, duly sworn according to the form of the statute in such case made and provided,) which bond was alleged, in the usual form, to have been made to Thomas Armstrong, being sheriff of the county of Seneca, in the sum of $400, with a condition thereunder written, that if Colburn and Burray should prosecute their said suit with effect and without delay, and should return the said timber, in case a return thereof should be awarded, then the bond to be void ; that the sheriff replevied and made deliverance of the timber to Colburn and Burry, who, at the next court of common pleas for the county of Senaca, to wit at the county court of the said sheriff, holden at, &c. on, &c. appeared and without writ, levied their plaint against the plaintiffs for the taking and detaining of the said timber, and found pledges, &c. ; that the plaint was removed by the plaintiffs by *certiorari* into this court, stating the same to be returnable before JOHN SAVAGE, Esquire, Chief Justice of this court, and others his associate justices. That the plaintiffs in the replevin suit declared in this court, that the defendants pleaded thereto and the plaintiffs replied, (setting forth the pleading ;) that such proceedings were subsequently had that it was adjudged that Colburn and Burry should take nothing by their plaint, that Knapp and Davis should go thereof without day, and that they should have restitution of the timber. The declaration then proceeds to allege that Colburn and Burry did not make a return of the timber according to the form and affect of the writing obligatory executed to the sheriff, whereby the same became forfeited, and the same being so forfeited, the sheriff on, &c. assigned the same to the plaintiffs, pursuant to the statute in such cases made and provided, making profert of assignment, and concluding with the usual breach of the non-payment of the penalty. To which declaration the defendants demurred, and the plaintiffs joined.

*W. S. Stow*, for the defendants.

*L. F. Stevens*, for the plaintiffs.

NEW-YORK,
May, 1830.

Knapp
v.
Colburn.

*By the Court*, SUTHERLAND, J.   The declaration is fatally defective in not averring that the goods replevied were taken by the plaintiffs *as a distress for rent.*   It is only in such cases that the bond is *assignable* so as to authorize the assignees of the sheriff to bring the action in their own names.   The *eighth* section of the "act to prevent abuses and delays in actions of replevin," (1 R. L. 93,) which is a transcript of the 11 George 2, ch. 19, authorizes this course of proceeding *in every replevin of a distress for rent,* where the bond is forfeited.   It is indispensible, therefore, where the action is brought in the name of the *assignee,* that it should appear on the face of the declaration that the goods were originally taken as a distress for rent ; without it, the plaintiff shews no right or title to sue.   All the precedents contain this averment.   (2 Chit. Pl. 169.)   Where goods, not taken as a distress for rent, are replevied, the proceeding are under the 4th section of the act already referred to, which is a transcript of 13 Ed. 1, ch. 2, § 3.   Under this section the sheriff is not bound to take a bond.   The nature and form of the security is left to his own discretion, and is not assignable, so that the defendant in replevin may sustain an action upon it in his own name.   (Gilb. R. 75.   1 Saund. 195, n.   2 Mass. Rep. 517.)   This was expressly adjudged in *Gibbs* v. *Bull,* (18 Johns. R. 438.)

The form of the bond in this case is adapted to the eighth section, and the declaration was evidently framed with a view to that section, and not to the fourth.   It corresponds with the precedent in Chitty already referred to, except in the material averment, *that the goods were taken as a distress for rent.* If they were so taken, it should have been alleged.   If they were not, then the action should have been in the name of the sheriff, and not of the plaintiffs.

The declaration in other respects 1 am inclined to think is substantially good, although it is informal in stating the title of the court out of which the original plaint issued, and also with respect to the return of the *certiorari.*

It is not necessary in this action upon the bond to aver the issuing of a *writ de retorno habendo* and a return of *elongata.*   (*Gwillim* v. *Holbrook,* 1 Bos. & Pull. 410, and 2 Chit.

Pl. 169.) Where an action on the case is brought against the sheriff under the fourth section of the act for taking insufficient security, it is necessary to allege that a writ of *retorno habendo* had been issued, and *elongata* returned. (*Gibbs* v. *Bull*, 18 Johns. R. 435.)

Judgment for defendants on demurrer, with leave to the plaintiffs to amend on payment of costs.