NEW-YORK,<br>May, 1833.<br><br>M'Farland<br>v.<br>M'Nitt.

Motion for new trial denied.

---

## M'FARLAND *vs.* M'NITT.

In an action *by the sheriff* on a *replevin bond,* it is not necessary to aver in the declaration the issuing of a writ of *retorno habendo* and return of *elongata* thereon; such averment need not be made, whether the bond be under the *fourth* or the *eighth* section of the act of 1813, regulating replevins.

Error from the Washington common pleas. This was a suit by the plaintiff, as late sheriff of the county of Washington, on a *replevin bond,* in the penal sum of $50, taken by him on making deliverance under a plaint in replevin of property taken by virtue of a justice's execution. The plaintiff in the replevin suit was *non-prossed* for not answering an avowry, and judgment of *retorno* was awarded to the defendant. The plaintiff in the suit on the replevin bond averred that the plaintiff in replevin *had not prosecuted his suit with effect, nor returned the property replevied.* The declaration contained two counts. The defendant demurred generally, and assigned as special cause of demurrer that in the commencement of the declaration the plaintiff demanded a debt of $100; whereas the bond set forth in each count of the declaration is in the penalty of only $50, and in each count the non-payment of $50, *parcel* of the sum of $100, is assigned as a breach, instead of assigning as a breach the non-payment of the sum specified in the penal part of the bond. The common pleas gave judgment for the defendant, and the plaintiff sued out a writ of error.

*S. Stevens,* for the plaintiff in error. The sheriff was authorized to take the bond declared on, although the property replevied was not taken as a distress for rent. 1 *Saund.* 195, *note e.* 1 *Ld. Raym.* 278. *Carth.* 248, 9. *Comb.* 228. The

only difference, either in form or substance, whether the bond be taken under the *fourth* or the *eighth* section of the act, is, that in the former case the suit must be in the name of the sheriff, in the other it may be in the name of the assignee. When the action is in the name of the sheriff, the declaration may be upon the penal part of the bond alone, without setting forth any of the proceedings in the replevin suit. *Carth.* 248. 1 *Ld. Raym.* 278. 3 *id.* 143. *Comb.* 228. *Fortescue,* 209, 210, 361. *Cas. Temp. Hardw.* 137. In *Morgan* v. *Griffith,* 7 *Mod.* 380, it was expressly decided that the sheriff need not shew in an action on the bond that a judgment *de retorno* had been rendered ; the breach assigned in that case was that the suit *was not prosecuted with effect,* and the bond being under the 13 *Ed.* 1 ; similar to which is the *fourth* section of our act. And so in an action on a bond, under 11 *Geo.* 2, similar to which is the *eighth* section of our act, it has been held that to maintain the action, it is not necessary to shew a writ of *retorno habendo* and a return of *elongata.* 5 *Barn. & Cres.* 284 ; and such was the decision of this court in *Gould* v. *Warner,* 3 *Wendell,* 54. Subsequently, in *Knapp* v. *Colbourn,* 4 *Wendell,* 618, this court held, that in an action on a bond under the *fourth* section, it was not necessary to aver the issuing of a writ of *retorno* and a return of *elongata* thereon. The bond is forfeited as well by not prosecuting the suit *with success,* as by not returning the goods, if return be adjudged ; and even if the goods be actually returned, such return is no answer to a breach that the plaintiff *failed in the suit.* *Cas. Temp. Hardw.* 137. *Carth.* 248, 519. 7 *Mod.* 380. 2 *Wils.* 41. 5 *T. R.* 195. 2 *Brod. & Bing.* 107. 5 *Barn. & Cres.* 284. 3 *Wendell,* 61. As to the special causes of demurrer, the rule is well settled, that where there are several counts in a declaration for debt, the declaration must commence with demanding the sum total of all the counts, and each count must conclude with the particular sum demanded, as parcel, &c. 1 *Chitty's Pl.* 344. 4 *Wendell,* 387.

*D. Russell,* for the defendant in error. The bond in this case was taken under the *fourth* section of the statute regulating replevins, 1 *R. L.* 92, and is different from that prescribed

by the *eighth* section of the act. The latter bond must be in double the amount of the goods or chattels distrained, must be conditioned to prosecute the suit *with effect*, and *without delay*, and for returning the goods, if, &c. and may be *assigned* to the defendant in the replevin suit. Not so as to the security to be taken under the *fourth* section; it is for the indemnity of the sheriff alone. If he take security otherwise than is directed, or neglects to take any, he is answerable for the price or value of the goods; but to entitle him to maintain an action against the sureties, he is bound to shew that he is *damnified;* that is, that judgment of *retorno habendo* has been awarded, a writ issued in conformity to such judgment, and *elongata* returned thereto. He is liable only for the price or value of the beasts, goods or chattels distrained, and cannot be called upon until a return of *elongata*, and if not liable himself, has no cause of action against the sureties. 4 *Penn. R.* 433. *W. Black. R.* 1220. 18 *Johns. R.* 435. 4 *Wendell,* 616. 1 *Ld. Raym.* 278. 1 *Saund.* 195, n. 3, &c. 2 *Archb. Pr.* 68, &c. 2 *Inst.* 340. 2 *Sellon,* 178. 18 *Viner,* 399. The bond in this case is conditioned that the plaintiff shall prosecute his suit *with effect* and *without delay*, as well as to return the goods, if return shall be adjuged, but the statute does not require such a bond to be taken; and it is a well settled principle, that if a statutory bond contain more than is required by the act under which it is taken, it is not binding upon the obligor, and cannot be enforced. 9 *Pickering,* 395. Besides, the declaration is bad for the special cause assigned; the sureties cannot be held liable beyond the penalty of the bond.

*By the Court,* Nelson, J. The only ground taken to sustain the demurrers, which I shall notice, is that the plaintiff should have averred in his declaration the issuing of a writ of *retorno habendo*, and a return of *elongata* thereto. In the case of *Armstrong* v. *Burrell and others,* decided at the last term, (not reported) the question arising in this case was substantially decided. The declaration there was like the present, on a bond given to the sheriff, under the *fourth* section of the act concerning replevins, and the condition was in the same form as here. The defendants demurred, and the principal ground

NEW-YORK,
May, 1833.

M'Farland
v.
M'Nitt.

relied on was that the condition of the bond "to prosecute the suit with effect and without delay," was unauthorized by the fourth section, and therefore void.   Upon an examination of the authorities and an inquiry into the practice of sheriffs in taking bonds under the statutes, *Westminster*, 2, or 13 *Ed.* 1, *ch.* 2, and 11 *Geo.* 2, *ch.* 19, of which the *fourth* and *eighth* sections of our act are copies, it was found to be well settled in England, that the condition of the bond was the same in form, and its legal effect the same, whether taken under one statute or the other ; or, in other words, that a condition of the bond under the statute, 2 *Westm.* in the form required by the statute, *Geo.* 2, was valid, and that a failure to prosecute the suit with effect, that is, with success, was a forfeiture of the condition, and gave to the sheriff the right to institute a suit on the bond.   The condition and legal effect of the bond being the same, it necessarily follows that the form of the pleading should be the same.   The books show that such has been the uniform understanding and practice of the profession, and the decisions of the courts have been in conformity thereto. This court had occasion to examine the question under consideration, in the case of a suit on a bond, under the *eighth* section, in 3 *Wendell*, 54, and it was there decided that the averment in the declaration of the issuing of the writ of *retorno habendo* and the return of *elongata* thereto was not essential.   See also 4 *Wendell,* 618.   The English authorities on this subject will be found in *Gilbert's Repl.* 67 *to* 69.   2 *Selw. N. P.* 904 *to* 908. 1 *Ld. Raym.* 278.   2 *H. Black.* 36, 547.   1 *Saund.* 195.   9 *Com. Law R.* 429.   2 *Bingh.* 349, *n.*   11 *Com. Law R.* 236. 5 *Barn. & Cres.* 284.   The special causes of demurrer were untenable, and there was no ground for the general demurrer.

Judgment reversed.*

* Decided January term last,