Whitehead, Justice.
This case does not come within the provisions of the tenth section of the act regulating actions of replevin, Elm. Dig. 467, which is confined to proceedings in replevin in eases of distress for rent.
At common law, in case of a verdict for the defendant, or if the plaintiff were nonsuit, the judgment was that the defendant have return of the goods. 2d Archibold practice, 83. Damages and costs -were afterwards given by statute 7 Henry, 8, to avow-ants and persons making cognizance for rents, customs and services, if they obtain a verdict or the plaintiff be nonsuit. The provision of this statute were afterwards extended by 21 Henry 8, to avowries and cognizances, to distress damage feasant or other rents, upon any distress taken &c. 2d Leigh's Nisi Prius, 1339. The act of 17 Charles 2, ch. 7, from which the tenth section of our act above mentioned was copied, did not alter the common law judgment, or deprive the landlord of the benefit of *80 any proceedings to which he was before entitled. The common law judgment remained to him, but he was in a better situation than he was under the old law, having the additional remedy by inquiring concerning the sum of the arrears and the value of the goods and chattels distrained. Gilbert on Replevin, 164; Perreau v. Bevan, 11 Eng. Com. Law Rep. 238; 2d Wilson, 117.
There is no provision by our statute for a jury, in a case of this kind, to assess the value of the property. It is only in case of a replevin in distress for rent, that such proceeding is had. Except in the case provided for by statute, the damages which the defendant recovers, in case the plaintiff be nonsuit or a verdict be given for the defendant are for the detention of the goods; and the jury should have been so instructed on the trial before the court of Common Pleas. They had no authority, either by statute or at common law, to find the value of the property, so as to render their finding in this respect, evidence of the fact, against the plaintiff or his sureties on the bond. It formed no part of the issue, nor could any judgment, either by common law or by statute, be rendered upon it. I think therefore, that the sheriff and the jury of inquiry erred in regarding this record as evidence of the value of the cattle, and for this reason the inquisition should be set aside.
But it is said the Common Pleas had jurisdiction, and their record imports absolute verity ; and that if we reject a part of this record in this collateral way, we shall virtually reverse their judgment. I think not. We do not reverse or disturb the judgment of that court, so far as it had jurisdibtion. The .judgment, that the defendant have return of the cattle, with his damages for detention and costs remains. We only refuse to regard as evidence, in proceedings upon the bond, that which made no part of the original issue; which the jury had no authority, either at common law or by statute to find, and was therefore entirely extra-judicial. Their finding in this .respect can avail no more against the sureties, nor bind them further than their finding any other fact, not involved in the pleadings and wholly foreign to the issue.
It is true, as stated by the plaintiff’s counsel, that the judgment by default entered upon the bond, in this cause, admits the whole cause of action ; but the amount of damages which the *81 plaintiff has sustained remains to be settled by a jury of inquiry, and he is hound to prove his damages by legal and competent evidence.
The clerk has evidently fallen into an error in making up the record of the judgment. In the toto cdtingunt clause, he has omitted entirely the damages assessed by the jury for detaining the cattle, but has added as damages, the one hundred and fifty dollars found by the jury as their value, to the one hundred and seventeen dollars and fifty-seven cents, the taxed costs, making the sum of two hundred and sixty-seven dollars and fifty-seven cents. The judgment should have been, that the defendant have return of the cattle, with his damages for detention assessed at six cents, and taxed costs, amounting together to one hundred and seventeen dollars and sixty-three cents. Made up in this way, it could have been carried out by the writ de retorno habendo and fi. fa. for the damages and costs. As it now stands, the defendant" would be entitled to his writ de retorno for the cattle, and his fi. fa. for two hundred and sixty-seven dollars and fifty-seven cents, which includes their value.
Another reason assigned for setting aside the inquisition is, that there was no evidence before the jury of the issuing and return of the writ de retorno habendo. And it is insisted, that before the issuing of this writ, a defendant who has judgment of return, cannot recover against the sureties his damages.
It is not necessary for us to say what would have been our opinion, had this matter been pleaded by the defendant in the suit prosecuted upon the bond. By suffering judgment by default, the defendant has admitted that he had not prosecuted the original suit, and that the goods had not been returned, M’Farland v. M’Nitt, 10 Wend. 329, and the cases there cited.
I have expressed an opinion only upon the points discussed by counsel upon the argument. There are difficulties in the case, which if taken advantage of at the proper time, must have been fatal. I can find no authority in the law for the assignment of this bond by the sheriff. The replevin not being for a distress within the statute, but at common law, the bond taken by the sheriff', is,for his own security, and is not assignable. The defendant however, having suffered judgment by default, it is now too late for him to make this objection.
*82 With respect to the damages to be recovered, it is manifest the plaintiff, as assignee, can recover no more than the sheriff could, had this suit been prosecuted in his name; and it is very questionable whether he can recover more than the value of the goods and probably reasonable damages for not returning them.
Hornblower, C. J.
1 did not hear the argument at bar, but having heard the case discussed by my associates at chambers, I fully cpncur in the opinion delivered by Justice Whitehead.
White and Elmer, Justices, concurred in the opinion delivered.