## JAMES W. CALDWELL v. JOSEPH E. WEST & DAVID E. ESTALL.

1. A suit brought by a sheriff on a replevin bond given under the 4th section of the act of 1795, need not be in his name of office; brought in his individual name sufficient.

2. In cases where a venire should be *as well* to assess damages, as to try an issue, if the award of the venire is right, it is no ground for new trial that the venire is in common form without *tam quam* clause, and on writ of error it would be amendable.

3. Except in replevin for goods distrained, that statute does not require appraisal, and an appraisement and recital of it in condition of bond does not exclude proof of real value of goods—the condition is for the return of the *identical goods*, not their value.

4. The return of an "eloignment" by a sheriff on a writ de retorno habendo on judgment for a return in replevin, is conclusive in an action on replevin bond.

5. The action of replevin lies for all goods wrongfully taken and detained, and not only for those taken by distress. And a replevin bond taken under 4th section of the act of 1795, on replevin for goods not distrained, is valid, although the act seems more particularly to refer to goods distrained.

6. In an action on replevin bond the damages to be assessed are the value of the goods with interest thereon from the judgment of return.

This was an action brought in this court in debt on replevin bond for penalty. The only plea was *non est factum.* The plaintiff suggested breaches on the record. This cause was tried before Justice Carpenter and a struck jury at the Atlantic Circuit, December Term 1845, upon the pleadings and suggestions of breaches.

The counsel for the plaintiff proved the execution of the bond, and offered the bond in evidence. Which bond purported to have been given by Joseph E. West and Daniel E. Estall, to James W. Caldwell, Sheriff of the County of Gloucester, and was dated February 17, 1834. To which evidence the counsel for the defendants objected, because the bond was variant from the declaration. But the court overruled the objection and admitted the bond in evidence.

The counsel for the plaintiff then offered in evidence a certified copy of the original writ of replevin at the suit of *Joseph E. West* v. *John C. Briggs* and *Edmund Taylor,* tested Novem-

ber Term, 1834, returnable February Term, 1835, and also the return to said writ.

To the admission of which the counsel for the defendants objected, because they were irrelevant. But the court overruled the objection, and admitted said writ and return in evidence.

The counsel for the plaintiff further offered in evidence a duly certified copy of the record of the judgment and proceedings in the said action of replevin brought by the said *Joseph E. West* v. *John C. Briggs* and *Edmund Taylor*, which judgment was entered in May term, 1838, and *fi. fa.* thereon and the return thereto.

To this evidence the counsel for the defendants objected, because the same was irrelevant to the issue in this cause. But the court overruled the objection, and admitted the evidence.

The counsel for the plaintiff then offered in evidence a certified copy of a writ of *retorno habendo* between the same parties, tested Sept. term, 1838, returnable Nov. term, 1838, and the return to said writ.

To which the counsel for the defendants objected, because the same were irrelevant to the issue. But the court overruled the objection, and admitted the evidence.

The counsel for the plaintiff then produced witnesses to prove the value of the goods and chattels mentioned in the condition of the said bond, and in the breaches suggested upon the record in this cause.

To the admission of which testimony the counsel for the defendants objected, because the venire facias in this cause did not contain any clause for the assessment of damages, and because the said plaintiff having fixed the value of said property at four hundred dollars in the condition of said bond, he is estopped from giving parol evidence of the value. But the court overruled said objections, and admitted the evidence.

The plaintiff here rested the cause. The counsel for the defendants then produced the late Sheriff of the County of Gloucester, and offered to prove by him

1. That he never in fact executed or attempted to execute the said writ of Retorno habendo by any search or inquiry for said goods.

2. How he executed the said writ.

Caldwell v. West & Estall.

To the admission of this evidence the counsel for the plaintiff objected—and the court sustained the objection, and refused to permit said testimony to be heard.

The counsel for the defendants then rested their cause.

The counsel for the respective parties having summed up the cause, Justice CARPENTER charged the jury, as follows:

This is an action of debt on a replevin bond, brought by James W. Caldwell, a former Sheriff of the County of Gloucester, against the defendants. A writ of replevin having been sued out of the Supreme Court of this State by Joseph E. West, one of the defendants in this suit, against Edmund Taylor and John C. Briggs, who he alleged had wrongfully taken certain property therein described, out of his possession, the said writ was placed in the hands of the said James W. Caldwell, then Sheriff of the county of Gloucester, to be executed. Before delivery of the said property could be made by the Sheriff, security was necessary to be given by West, that he would prosecute the suit, and that he would return the same goods and chattels, if return thereof should be adjudged. The bond, it is alleged, was thereupon given by the said Joseph E. West, and by the said Daniel E. Estall, as his security. The said Sheriff thereupon as appears by his return, proceeded to replevy and deliver to the said West 6000 cedar rails, and 434 cedar plank and boards. The action of replevin so commenced by the said West against Briggs & Taylor was after some time brought to trial, and the verdict being in favor of the defendants in that suit, judgment was at the term of May, 1838, entered in favor of the said Taylor & Briggs against the said West. As a part of the said judgment, it was awarded that the said Taylor & Briggs should have a return of the same goods and chattels replevied and delivered to the said West. A writ *de retorno habendo* was thereupon issued, directed to the Sheriff of the County of Gloucester, commanding him to cause the said property to be returned to the said Taylor & Briggs. To which writ the Sheriff returned " that it had been eloigned and removed by the said West, and therefore he was unable to cause it to be returned." This action was then brought on the replevin bond by Taylor & Briggs, for

whose security it had been taken, in the name of the Sheriff. The action was necessarily brought in the name of the Sheriff, this bond not being assignable.

This declaration is simply on the penalty of the bond, and to this the defendants have severally by their respective attorneys pleaded " *non est factum.*"

The only issue therefore is, whether this is the deed of the defendants. The plaintiff, however, in order to warrant an assessment of damages has set out the condition of the bond, and suggested breaches of that condition on the record. The jury will therefore perceive that their duty lies within a narrow compass. It is simply to inquire : 1st. If this bond is the deed of the defendants—that is whether duly sealed and delivered by them. 2dly. If their deed then to assess the damages which may have been sustained by the nonperformance of its conditions.

But the counsel for the defendants allege that this bond is void—that although it may have been actually signed and delivered by the defendants, yet still, that in point of law it is no deed, but void because as they allege not taken according to law. That this bond is unauthorized, because as they further allege the replevin in this case was not within the fourth section of our act for the better regulation of actions of replevin. *Elm. Dig.* 466.

This section of the act taken from statute of *West.* 2d requires that every Sheriff before he makes deliverance of any goods and chattels by virtue of any writ of replevin, shall take of the plaintiff sufficient security to prosecute the suit, and to return the same goods and chattels, if return thereof shall be adjudged, &c. And they say, this section applies only to replevins in case of distress, because as they say, the subsequent part of this section gives a remedy against the Sheriff in case of neglect to take security, or to take sufficient security only to the person who *distrains.* The use of the word *distrain,* and of the same word in some other parts of the same statute, the counsel insist, restrains the application of section, and the authority to take this bond, to the case of replevin for distress.

This is a question of law, entirely for the determination of the

Court. Though it may be assumed that the security not being necessary at common law, and standing only upon statute, is void unless authorised by statute, yet in this case it is the instruction of the Court to you, that this bond was authorised by the statute, and cannot for the reasons urged be declared void. It is not necessary to enter upon any criticism of the words of the statute, and enlarge upon the reasons which influence the Court. It is sufficient for the present purpose and in this stage of the cause to make this statement to the jury, of the law as understood by the Court. The inquiry then is, was this bond duly executed by the defendants? sealed and delivered by them as their deed? The bond has been produced. It purports to have been sealed and delivered by them as their deed, in the presence of John Estall, whose name is subscribed as a subscribing witness. This has been proved to be the hand writing of the subscribing witness, he having been also proved to be now deceased. This is sufficient proof in the absence of any contradictory evidence on the part of the defendants, and on this issue your verdict will necessarily be for the plaintiff.

This leaves only the question of the amount of damages for your consideration. If the deed of the defendants, then some damages are of course, though possibly under some circumstances, those may be only nominal. The plaintiff, as I have already said, has set out the condition of the bond, and suggested breaches of that condition on the record. He has suggested for breaches, that the defendant West has not prosecuted the suit, and has not returned the goods and chattels, though a return has been adjudged. Merely referring in a general way to the breaches which have been suggested, they are, as far as is perceived by the Court in the usual and proper form, and authorized by the 5th section of the statute respecting obligations. *Elm. Dig.* 355, § 5.

It is said by the defendants' counsel, that the damages to be assessed by the jury under these breaches must be only nominal; that the bond is to the Sheriff for the security of the Sheriff; and that until damnified, the damages must be only nominal. But this is not an indemnity bond to the Sheriff. It is not a bond conditioned to secure the Sheriff, but it is a bond directed to be taken by the Sheriff, conditioned that the plaintiff

in the replevin suit shall prosecute that suit; and having, by means of its extraordinary remedy to which he has resorted, taken the property in dispute out of the possession of Taylor & Briggs, the defendants in such suit, that he will return the said goods, if a return thereof should be adjudged. It is a bond to the Sheriff to secure the defendants in the replevin suit, and taken for the benefit of those defendants. And the suit, though brought in the name of the Sheriff, is brought for their benefit, and to enforce such security. This suit is necessarily brought in the name of the Sheriff, because there is no provision in the statute under which the bond is taken to authorize its assignment; but is not the less for the benefit of Taylor & Briggs. It would be folly to take such bond unless such were the purposes. The Sheriff is only liable in case he fails to take security. The liability he incurs in case of failure to take security, is the only mode by which he may be damnified. Unless the defendants can be secured by obtaining the value of the goods under the security given by this bond, how may they be secured? No action can be maintained against the Sheriff, for he has taken sufficient security. And if no action can be maintained in the name of the Sheriff, until the Sheriff be damnified, the remedy must fail entirely, and the taking the bond be reduced to a mere nugatory and vain ceremony.

It is said that Taylor & Briggs are not entitled to the value of the articles replevied, because by the finding of the jury in the replevin suit, the articles were found to be the property of one Samuel Richards, and that Taylor & Briggs have not been damnified. True, these articles were found to be the property of Richards, but they were also found to have been lawfully in the possession of Taylor & Briggs, as the agents or bailiffs of Richards; and the judgment of the court was, that Taylor & Briggs should have the property returned to them. Taylor & Briggs are entitled to the return; or in case of failure, to be remunerated by the value of the articles, and Richards' rights, if any, are matters between them and Richards, with which the defendants in this suit are in no wise concerned. The damages to which the plaintiff is entitled, and which you should assess, are the value of the rails and other cedar stuff replevied, at the time they were taken out of the possession of Taylor & Briggs,

with interest upon such value from the 8th day of May, 1838, (the date of the judgment in replevin, to which time the damages for the detention have been already assessed) until the first Tuesday in January next, when judgment will be entered in the present suit.

Upon this charge the jury rendered a verdict for the plaintiff for seven hundred and forty dollars. Upon the coming in of the postea, a rule nisi to set aside the verdict and for a new trial was granted, which was argued at April Term, 1848, before the CHIEF JUSTICE, and WHITEHEAD and RANDOLPH, JJ.

*J. B. Harrison,* in support of the rule.

Mr. *Attorney General,* against it.

The opinion of the court was delivered by

RANDOLPH, J. West, one of the defendants in this suit, having in the year 1834 sued out a writ of replevin against Edmund Taylor and John C. Briggs, gave, with Estall as his security to the plaintiff, then Sheriff of the county of Gloucester, the bond which is the subject of the present controversy; it being the common replevin bond usually taken from the plaintiff and his surety, requiring of the former to prosecute his suit and return the property, if return thereof be awarded. The bond having become forfeited by the failure of the plaintiff to prosecute his suit, and a return of the property having been adjudged by the court, and a writ *de retorno habendo,* duly issued and returned, the present action was brought on the bond. At the trial, several objections were taken by defendant's counsel, and the decision of the court below as well as the verdict of the jury being against them, the same points have been again raised on the present motion for a new trial.

I. In the first place, it is insisted that as the bond was given to the plaintiff as Sheriff, the action should have been brought by him in that character. This bond is taken under the fourth section of the act of 1795, *Rev. Laws* 213, and is principally for the security of the Sheriff; for if he neglect to take

the requisite security, he is made liable for the value of the goods; yet the bond is also for the benefit of the plaintiff. The subject matter thereof and of this suit, does not so partake of, or relate to the office of the Sheriff, that the action must be in his name of office, but it may be in his individual name, omitting the rest as mere description of the person, in the same way as the official character of an executor, guardian, or trustee, may be omitted when added to the name of a payee or obligee, in a note or bond. 1 *Spencer* 58; 1 *Com. Dig.; Abatement, E.* 21.

II. The next exception is, that the venire should have been 'special; that is, as well to try the issue as to assess the damages, &c. The transcript shows a special award of such a venire: but the writ itself, which was to summon a special or struck jury, is in the common form, to try the matter in difference between the parties. This objection cannot prevail on a motion for a new trial, nor could it indeed on a writ of error, for it is amendable under the statute of amendments and jeofails. 8 *Hen.* 6 c. 12; *Rev. Laws* 137 § 2; 1 *Com. Dig. Amendment* 580 (H), 2 *Arch Prac.* 273; 2 *Ld. Raymond* 1143.

III. The third objection is, that the bond fixes the valuation of the goods taken by the recital therein that they had been valued according to law at four hundred dollars, and that the evidence which tended to increase that valuation, should have been rejected by the court. By the 12th section of the act *Rev. Laws* 215, where replevin is brought for goods taken by distress for rent, the Sheriff is required to ascertain the value of the goods taken by the oath or affirmation of a witness or witnesses, but in the fourth section there is no such requirement; but as the Sheriff is liable, if he take insufficient security, the practice in analogy to the case where there has been a distress for rent, is to cause the goods to be appraised, and to take bond in double the value thereof. It may be doubted whether the valuation under either section would have any effect, except to save the liability of the Sheriff as to the amount of the security, and in the absence of other evidence to prove the value of the goods at the time taken. But the condition of the bond is to prosecute the suit, and in case of failure to re-deliver the property, not to pay its appraised value; and if the party fails to re-deliver, the

obligors in the bond must be liable for all damages resulting therefrom, and the mere recital of the extra official valuation, can have no material effect in the present action, and of course cannot exclude the evidence objected to in relation to the valuation of the goods taken.

IV. In the fourth place, it is insisted that the court erred in not permitting the defendants to disprove the Sheriff's return of *elongata* to the writ *de retorno habendo,* or to shew that the Sheriff made no inquiry for the property. The return of the Sheriff was under his official oath, and if false, he may be liable therefor, but the return itself cannot be disputed in this action ; for it is the judgment of return in the original action which entitles the plaintiff to proceed against the pledges to prosecute, and it is questionable whether the writ of return be necessary at all. " It is not often issued except to ground proceedings on the replevin bond, or against the Sheriff; and in the former case it is not absolutely necessary, for the pledges may be proceeded against without issuing a writ *de retorno habendo."* *Wilkinson on Replevin* 210 ; *Willes* 6. And in *Gilbert on Replevin,* it is stated page 80, that " the *withernnam* is awarded on the *elongata* return," *" for,* the Sheriff is liable for a false return, who is a person sufficient to answer the party." And in page 82, it is said, the withernnam cannot be on a surmise, but only when the eloignment is found by inquest, or returned above by the proper officer. The party whose goods are taken in withernnam cannot plead that either he did not eloign, or that the beasts are dead in pound ; for that is contrary to the elongata returned by the Sheriff, and not to be denied ; but if false, he has his remedy against the Sheriff for false return, *Gilbert* 98. See also *Phillips* v. *Hyde,* 1 *Dall.* 439. In an action on the bond, no averment of the issuing of a writ of *de retorno habendo,* and return of elongata is necessary ; but such is necessary when the Sheriff is prosecuted, for not taking sufficient security. 4 *Wend.* 616.

V. The fifth objection is, that the bond is void for the want of authority in the fourth section to take a replevin bond in any case ; or if in any, then only where the goods have been taken by distress.

The Sheriff was required at common law to take pledges of prosecution from the plaintiff in replevin; afterwards by the statute of *Westminster*, c. 2, (13 *Ed.* 1 & 2, § 3,) which is substantially embraced in our fourth section, the Sheriff was required to take pledges not only to prosecute the suit, but also to return the goods, in case a return should be adjudged. If the pledges were taken in a court of record, a *scire facias* issued against them in case of default; but this did not lie if the court was not one of record, or if the plaint was from the Sheriff under the statute of *Marlbridge; Gilbert* 64, 177; *Wilkinson* 12; 3 *Mod.* 56. This mode of proceeding is now obsolete; and instead of taking pledges of record, a bond with surety is taken as well under the statute of *Westminster* 2d, as under that of 11 *Geo.* c. 19, § 23 (the same as our § 12). *Blackett* v. *Crissop*, 1 *Ld. Ray* 278; 3 *do.* 143; *Gilbert* 67; *Wilkinson* 121; *do.* 144–5; 6 *Bac. Abr.* 58–9, *tit. Replevin & Avowry D.* The act of *Westminster* 2, c. 2, requires the Sheriff to "receive of the plaintiff *pledges,*" &c. and our 4th section says, "shall take of the plaintiff *sufficient security,*" the one being a mere translation of the other, and according to *Ld. Holt* in 1*st .Ld. Raym.* 278, "such a bond will answer the intention of the statute that requires pledges, for the obligors are sureties; and *plegii* in the old books signifies sureties." But the statute provides that "the person who *distrains*" shall have his remedy by writ, in case the Sheriff neglects to take security. From this and other similar phraseology in the statute, it is argued that the act, or at least the security under the fourth section, can only apply to cases of distress. No doubt but formerly the action of replevin was in a great measure confined to the retaking and delivery of goods taken by distress. Judge Blackstone, even, states that the action only applies to recover goods wrongfully taken by distress. 3 *Com.* 146. But in this, Mr. *Chitty* has very clearly shewn by the numerous authorities referred to in his note, that the learned commentator was mistaken. See also 7 *John.* 140, and the opinion and cases referred to by Judge Platt; also, 6 *Halst.* 373, and 1 *Wend.* 109. Replevin for goods lies where trespass *de bonis asportatis* can be maintained; whether the action shall be confined in this state

within that limit, as it has been in New York with some regret on the score of authority, *Marshall* v. *Davis*, 1 *Wend.* 114; or whether under the language of our first section, we shall feel constrained to go with the Massachusetts Courts. 5 *Mass.* 284; 15 *Do.* 359; 16 *Do.* 147, and extend the remedy to all cases of unlawful detention, it is not necessary to decide in this suit; (a) but to determine whether a bond may be taken under our fourth section, it is necessary to consider the whole act together. Thus by the first section, *if the goods and chattels of any person* be taken and wrongfully detained, the Sheriff is required to replevy and deliver them, and the fourth section makes it obligatory on him to take sufficient security of the plaintiff, before he makes deliverance of *any goods or chattels taken by virtue of a writ of replevin.* The language of our statute is broader than that used in the English act, and its construction arising from its different parts, if it does not extend the action of replevin itself, must make the security or bond of the fourth section co-extensive with the action; and require it to be given in all cases where the goods and chattels of any person, taken and wrongfully detained, are retaken by virtue of any writ of replevin, and delivered to the plaintiff; of course it cannot be confined to cases of mere distress. The statute of *Westminster*, 2 c. 2, in its language extends only to the deliverance of the *distress* and the return of the *beasts*, 6 *Bacon*, 57; 2 *Inst*, 338–9; and the 11 *Geo.* 2 c. 19, (6 *Bacon*, 60) uses the terms *goods distrained*, and the returning of the *goods* taken by *distress for rent;* and so the draftsman of our act has used some of the terms to be found in the old statute, and otherwise with some incongruity adhered to what would seem to be their requirement, yet it is manifest, that taking the whole act together, its only legitimate construction is that which we have given; and the remedy given in the fourth section to the person who *distrains*, must be construed with the context to mean to him whose possession and right have been

---

(a) In *Haythorn* v. *Rushforth & al.* 4 *Harr.* 160, it was held that replevin lies for an *unlawful detention* of goods, which was held to be a constructive taking.

disturbed by the replevin.    I feel the more constrained to adopt this construction from the fact, that the action of replevin, in the present commercial age, when personal property is constantly changing hands, is found to be a most valuable and important remedy for very many takings and unlawful detentions, of which the framers of the English acts could have had little or no conception ; and as a recent statute, *Rev. Stat.* 117, § 7 and 9, enables the actual possessor of the goods to retain them, by giving a bond with security for their forthcoming to answer the judgment in replevin, little difficulty can arise even if this action were extended.

This Court has so far recognised the validity of a bond taken under the fourth section, as to determine that it is not, like one taken under the twelfth section, assignable, 1 *Spencer*, 81.    And in New York and Massachusetts there are numerous cases where bonds have been taken in other cases, than in those arising from distress, 4 *Wend.* 616 ; 3 *Do.* 56 ; *Gibbs* v. *Bull*, 18 *Jno.* 435 ; 2 *Mass.* 518 ; 6 *Do.* 57 ; 8 *Do.* 147 ; 3 *Do.* 303.

VI.  By the sixth objection, it is insisted, that the damages should have been nominal and without interest, whereas the Judge charged that they should extend to the value of the property, with interest from the recovery in the original action. · The charge was right, the judgment below was merely *retorno habendo*, and the damages only nominal ; 1 *Spencer*, 79 ; but from the time of the rendition thereof, the right of recovery was in the defendant, either against the Sheriff for taking insufficient security, or in the name of the Sheriff on the replevin bond, and the value of the goods at the time of the recovery together with interest thereon from that time, is the proper and reasonable measure of damages.    *Rowly* v. *Gibbs*, 14 *Jno. R.* 385 ; *Sedgewick on Damages, ch.* 20, *p.* 522 ; 1 *Taunt.* 217.

I think that the objections to the verdict are not well taken, and that the rule to show cause must be discharged with costs.

The CHIEF JUSTICE and WHITEHEAD, J. concurred.