---

*Ex parte* Fort.

*J. A. Spencer,* moved for a mandamus to the C. P. of *Madison* county, commanding them to vacate a rule allowing *Ratmour* and *Smalley*, defendants in replevin, in that court, at the suit of *Fort,* to file a plaint *nunc pro tunc.* The facts were, that the clerk of *Fort's* attorney had made out and delivered a plaint in replevin to the sheriff of *Madison,* against *Ratmour* and *Smalley ;* which was executed. But the attorney, on the fact coming to his knowledge, being satisfied that the action would not lie, withdrew the plaint ; and it was never returned. The attorney for *Ratmour* and *Smalley,* however, entered their appearance and proceeded to *non pros* the plaintiff. Whereupon, *Fort* brought error to this court ; and assigned, among other errors, diminution in the want of a plaint in the C. P. The attorney of *Ratmour* and *Smalley* applied to the C. P. who granted them leave to file a proper plaint *nunc pro tunc ;* so that *Fort's* writ of error would be defeated in this respect.

The defendant may non pros the plaintiff in replevin, tho' the plaint has not been returned, especially where it is withdrawn by the plaintiff from the sheriff's hands. And to support the proceedings, even after error brought, the court may allow the defendant to file a plaint *nunc pro tunc.*

*Spencer,* insisted that the plaintiff had a right to withdraw the plaint. The only consquence was, that he forfeited the bond which he had given, to prosecute the suit with effect. Until the plaint was returned, and the plaintiff appeared, the defendants could not *non pros* him ; but should have taken their remedy upon the bond. (2 *Archb. Pr.* 64. 1 *B.* & *P.* 410.) The right to *non pros* both in *England* and this state, depends on statute ; in *England,* on 13 *Car.* 2. *St.* 2, *c.* 2, *s.* 3. (1 *Tidd,* 412.) Under that statute, the defendant may appear and *non pros* the

UTICA,
Aug .326.

Ex parte
Stafford.

plaintiff, though the process be not returned. (*id.* 413. 7 *Mod.* 32.) But it will be seen that our statute on the same subject, (1 *R. L.* 345, *s.* 11,) differs from the English. It requires the return of the process.

*S. Chapman* and *A. Stewart*, contra, cited *Col.* and *Cain. Cas.* 61 ; 1 *Archb. Pr.* 228, 9.

*Curia.* The statute (1 *R. L.* 91, *s.* 1,) makes it the duty of the sheriff to return the plaint to the next court of common pleas. It is, in this respect, like any other process in his hands. Now, whether the plaintiff had a right, in this case, to withdraw the process or not, we think the common pleas were correct in the rule which they made. The defendant should not be deprived of his *non pros* by the act of the plaintiff in withdrawing the process. It is served. The defendant's duty to himself, requires that he should defend his rights. He retains an attorney, incurs expense ; and his only remedy for his costs, in ordinary cases, is by *non pros.* He has, we think, the same remedy in replevin. If, as insisted by the counsel for the relator, it is necessary that the process be actually returned, to warrant the *non pros*, this, of itself, shews the importance of allowing process to be filed *nunc pro tunc*, in order that the proceedings may be sustained in point of form. And more especially where the process is withheld from the files by the plaintiff.

The motion must be denied.

<div align="right">

Motion denied.