UTICA.
August, 1829.

Gould
v.
Warner.

---

GOULD and others *vs.* WARNER.

In an action on a *replevin bond* it is not necessary to allege the title or estate of the defendant in the action of replevin in and to the premises, for the rent of which the distress was made; nor to aver the making of an affidavit previous to a distress for rent in the city of New-York; nor to state the avowry or cognizance.

ERROR from the New-York common pleas. Warner, as assignee of the sheriff of New-York, declared in the court of common pleas against Gould, Banks and Cumming, of a plea that they render to him $1740, for that whereas the plaintiff on the 6th of February, 1827, at the first ward of the city of New-York, in a certain store, distrained the goods and chattels of Edward B. Gould, one of the defendants, for a certain sum due him for rent; that E. B. Gould posecuted a plaint in

Although a party takes judgment for a return of the goods, he is entitled to an assignment of the replevin bond. And any defendant in a replevin suit, in case of distress for rent, is entitled to such assignment.

The condition of the bond, that the party shall prosecute his suit *with effect*, is broken when judgment passes against him; and the defendant in the suit, in such case, is entitled to an assignment of the bond.

A return of the goods to the sheriff is no answer to the action. The return required by the bond is a return to the party from whom they were taken, in pursuance of the judgment of the court, not a mere re-delivery to the sheriff.

*Replevin bonds* are not within the meaning of the act requiring an assignment of breaches and an assessment of damages. The judgment is entered for the *penalty*.

The form of a declaration in an action on a *replevin bond* approved.

replevin for the taking of the goods ; that the sheriff took a bond from the defendants in double the value of the goods (the value having been duly ascertained) to him in the name of his office, in the sum of $1740, to be paid to him, &c. or assigns, reciting the bond and condition in the usual form) and made deliverance of the goods to E. B. Gould. That at the next court of common pleas, E. B. Gould appeared and declared, (in the usual form of a declaration in replevin,) that at a subsequent term such further proceedings were had, that it was considered and adjudged by the said court, that the said plaintiff should have a return of the said goods, as by the record and proceedings more fully appears. The plaintiff then avers that the said E. B. Gould did not make a return of the said goods according to the form and effect of the condition of the writing obligatory, but wholly neglected and refused, and still neglects and refuses so to do, whereby the bond became forfeited to the sheriff ; and that afterwards, on, &c. the sheriff duly assigned the same to the plaintiff, whereby an action hath accrued to the plaintiff, to demand and have the said sum of $1740. Yet, &c. (common conclusion.)

The defendants pleaded that on the deliverance of the goods by the sheriff, they were deposited by E. B. Gould, one of the defendants, in the custody of Gould and Cumming, the other two defendants, as an indemnity and security to them for the forth-coming of the same, in case a return should be adjudged in the replevin suit. That afterwards, at or before the day when the said goods ought to have been returned and delivered according to the condition of the bond, they, the defendants, did make a return of the same to the sheriff of New-York, who took the same away, and of this they put themselves upon the country.

The plaintiff demurred, and the defendants joined in demurrer. The court decided in favor of the plaintiff, who took judgment for the penalty, six cents damages and the costs of increase. On this judgment a writ of error was sued out.

*S. D. Craig*, for plaintiffs in error. The declaration is defective in not averring a right, originally to make the dis-

UTICA,
August, 1829.

Gould
v.
Warner.

tress; the party should have stated *a precise sum* due to him for rent, and verified the same by affidavit, and he should have set forth the estate of which he was seized. In England a more general form of pleading is allowed by a statutory provision, which has not been adopted here.' (1 Johns. R. 380. 10 id. 424.) Without shewing the estate of the landlord and the right to distrain, no right to the assignment of the bond appears. The plea might have been property in a stranger, upon which the defendant in replevin might have judgment of return; but not having *avowed* or made *cognizance*, would not be entitled to an assignment of the bond. The judgment taken by the defendant in the replevin suit was a judgment of *retorno habendo*; having taken the common law judgment and not pursued the remedy given by statute, he is bound to proceed against the sheriff and his pledges, under the fourth section of our act. He was not entitled to an assignment of the bond, the plaintiffs in the replevin suit having appeared and prosecuted, and given him an opportunity to obtain his rent, if he was entitled to any, in one of the modes prescribed by the statute; and he having neglected to avail himself of the remedies given by the statute, is now limited to the proper and appropriate remedy of *retorno*, and the remedy against the sheriff and his pledges. It is said in some cases, that the avowant in replevin, for *want of a plea in bar*, may stop short, take an assignment and sue the sureties, because the plaintiff has not prosecuted his suit *with effect*. The plea in this case meets the breach assigned, and shews the bond not to have been forfeited. That could only have been shewn by averring the issuing of the writ of *retorno* and a return of *elongata*. This averment was essential. (18 Johns. R. 435.)

*H. W. Warner*, in pro. per. The declaration is good, and according to approved forms. (2 Chitty's Pl. 218. 3 id. 244.) But the plea is bad. In the first place it alleges a *return* (so called) to the sheriff, not after judgment, and a writ of *retorno habendo* issued, but *at or before* the day when the goods ought to have been returned, leaving the time wholly indefinite, whether before or after judgment, and con-

taining no averment of the issuing of such writ, in satisfaction of which the return was made.

The judgment in this case is correctly entered for the *penalty*. Where the statute calls for an inquiry of damages, it is with a view to *execution*, not to the amount of the judgment. (1 Archb. Pr. 64. 2 Sellon's Pr. 177. 8 Johns. R. 111. 15 id. 474. 6 Cowen, 57. 1 Taunt. 218.) And an entry of an award for such inquiry may be *after* the judgment. (14 East, 401.) In case of a judgment on demurrer, the statute specially contemplates such enquiry. (1 R. L. 518.) If, however there be any irregularity in the case, it is an irregularity of execution, which is not available in error. (3 Johns. R. 141. 2 Cowen, 31.)

The case is not within the statute, and an inquiry is not necessary. The statute has provided a special mode of ascertaining the value of goods distrained for *rent*, prior to the giving of the bond. (1 R. L. 93.) There is, therefore, no use in assigning breaches and assessing damages after judgment. The statute, in the same section, provides that the court may by rule give such relief to the parties upon the bond as shall be agreeable to justice: and that such rule shall have the nature and effect of a defeasance to such bond. Thus the party is protected from all exaction, and the landlord limited to his just demands against the principal debtor. But it is settled, on authority, that an assignment of breaches is not necessary in an action on replevin bond, any more than in the case of an action on a bail bond. (Dunlap's Pr. 390. 2 Bos. & Pul. 446. 3 Maule & Selw. 155.) If, however, an award of inquiry ought to have been made, the court will permit the requisite entries to be made, agreeably to the case of 14 East.

In answer to the other side, the averment in the declaration of the issuing of the writ of *retorno habendo*, is unnecessary. (2 Chitty's Pl. 222, n. b.) The fact of an avowry or cognizance need not be stated, even under the English statute; (2 Chitty, 221, n. z; 2 Sellon's Pr. 178;) and surely it cannot be necessary under our's, which directs an assignment, not merely as in the English statute, to the avowant or person making cognizance, but to the *defendant* in such ac-

UTICA,
August, 1829.

Gould
v.
Warner.

tion. It is immaterial, therefore, whether property be plead-
ed or not.

*By the Court,* MARCY, J. The principal questions in this
case relate to the alleged defects in the declaration. The
plaintiffs in error seem to have applied to it the rules of
pleading in a replevin suit, and to have confounded them
with those relating to suits on replevin bonds.

It was not, I apprehend, at all necessary for the plaintiff
below to aver in his declaration the making of an affidavit of
the amount of rent due, as required by the act concerning
distresses for rent in the city of New-York, (Statutes, vol, 3,
156 c.) In an avowry in a replevin suit it may be neces-
sary, but not in declaring on the replevin bond. The same
remark disposes of the objection to the declaration, that it
does not allege the title or estate of which the defendant in
the action of replevin was seised. This is requisite in an
avowry, but not in the declaration in a suit on a replevin
bond.

The declaration should set out concisely all the proceed-
ings in the replevin suit, and the failure in fulfilling the con-
dition of the bond ; but it is not necessary to state the avow-
ry or cognizance. (Saunders on Pleading & Ev 769, 70. 5
T. R. 195. 2 Chit. Pl. 460.) In the suit on the replevin
bond, the court cannot entertain questions as to the suffi-
ciency of the pleadings in the replevin suit, especially as
these pleadings are not spread, and by long practice and
approved mode of pleading, are not required to be spread up-
on the record in the suit on the replevin bond.

It is urged, on the part of the plaintiffs in error, that the
defendant should have stated in his declaration in the court
below the avowry or cognizance, as otherwise it cannot ap-
pear that he was entitled to an assignment of the bond.
Whatever force this objection might have in proceedings un-
der the British statute, I think it can have none in proceed-
ings under our replevin act. The statute of 11 Geo. 2. ch.
19, sec. 23, authorises the assignment of the replevin bond to
the avowant or person making cognizance ; but our statute
is broader ; it allows assignments to *defendants*, avowants and

cognizors. (1 R. L. 94.) All that is necessary, therefore, to shew upon the record, to entitle a person to prosecute in his own name upon a replevin bond is, that he was the defendant in the replevin suit, and had a judgment therein.

It is further urged, that the defendant having taken the common law judgment for the return of the replevied goods, and having neglected to avail himself of the statute providing for an inquiry by the jury into the amount of rent in arrear and the value of the goods distrained, and to take judgment in the replevin suit therefor, must proceed according to the common law, against the sheriff to get a return of the goods' and is not at liberty to avail himself of the provision of the statute authorizing the assignment of the bond.

There are many cases in the books to shew that where the plaintiff takes judgment for the return of the goods, he is entitled to an assignment of the replevin bond. The case of *Gwillin* v. *Holbrook*, (1 Bos. & Pul. 410,) where the judgment in replevin was in this case, simply for a return, the plaintiff prosecuted as the assignee of the replevin bond, and his right to sue in that character was not questioned. In a late case, *Turner* v. *Turner*, (2 Brod. & Bing. 107,) the plaintiff, after a judgment for the return of the goods, took an assignment of the bond; and the court say, that although it appears from the declaration that a return of the goods, &c. was awarded, yet the avowant has his election whether he will proceed by a writ *de retorno habendo*, or by the course he has pursued; namely, the issuing a writ of inquiry under the statute. It is true, that in this case, in addition to taking the common law judgment *de rotorno habendo*, the plaintiff had executed a writ of inquiry, and had judgment for his costs and the arrears of rent. This case not only shews that after the plaintiff has taken the common law judgment for a return. the replevin bond may be assigned; but it refutes the position of the plaintiffs in error, that the proceedings under the statute to assess damages and award execution, are a supersedeas or a defeasance of the bond. The court expressly say, that it is clear from the language of the act, that the legislature meant to give the avowant, or person making cognizance, a further and additional security, and to

place him in a better situation than he was in under the law as it stood before the act was passed. Our statute does not confine this advantage to an avowant or cognizor, but extends it to every defendant in replevin in case of a distress for rent.

Before the act authorizing the assignment of replevin bonds, defendants in replevin suits who had obtained judgments, were driven to pursue their remedies by intricate proceedings against sheriffs, if insufficient pledges had been taken ; or to carry on their suits, in case the pledges were sufficient, in the name of the sheriffs. To remove the delays and inconveniences of such a course of proceeding, the act was passed. The object of allowing the assignment was, to aid in enforcing the common law judgment, and not merely, as is contended on the part of the plaintiffs, to procure the appearance of the plaintiff in replevin. The books are full of cases in which it appears that assignments of bonds have been taken, and suits maintained upon them in the name of the assignees, where the plaintiffs in the replevin suits have appeared therein, and even after judgments have been obtained against them according to the provisions of the statute of 17 Charles 2 ch. 7. In *Perreau* v. *Bevan*, (5 Barn. & Cress. 284,) after a full discussion and an extensive view of the cases, it was decided that the plaintiff in a replevin bond suit having elected to proceed under the statute, and after he had actually proceeded under it to execution, was not confined to that remedy alone, but might take an assignment of the replevin bond and go against the sureties, or might proceed against the sheriff (who in that case had lost the bond) for his negligence in losing it.

Another objection urged against the sufficiency of the declaration is, that it does not shew a forfeiture of the bond. The bond, it is said, is not forfeited till there has been a default in not returning the property, and that the sureties are not bound to return it until properly called on for that purpose by a writ *de retorno habendo*. This objection proceeds upon a mistaken notion as to the condition of the bond. It is not merely for the return of the goods, but it is that the plaintiff in replevin shall prosecute

his suit *with effect.* The bond is forfeited, and the *defendant* in the replevin suit may take an assignment of it when he has obtained judgment against the *plaintiff* in the replevin suit. (5 Barn. & Cres. 284. Carthew, 248. 519. 1 Bos. & Pul. 140. 2 Wilson, 41.)

Having adjudged that the objections to the declaration are not well founded, the plea is next to be considered. If the bond is forfeited, as the authorities show it is, by the unsuccessful prosecution of the replevin suit, the plea, which only sets up a return of the goods to the sheriff according to the condition of the bond, is no answer to the action. It does not answer for the non-fulfilment of that part of the condition which relates to prosecuting the replevin suit *with effect.* Besides, the plea does not, I think, state a sufficient return. The return mentioned in the bond is not a re-delivery of the goods to the sheriff; but is the return orderered by the judgment of the court in the replevin suit ; and that judgment is a return to the person from whom they had been taken by the sheriff.

The only remaining question to be considered in this case is whether, there is any error in entering judgment for the penalty of the bond without assigning breaches and assessing damages. If a replevin bond is within the operation of the 7th section of the act for the amendment of the law, (1 *R. L.* 518,) the entry of the judgement, as it is on the record in this case, without assigning breaches and assessing damages, is erroneous. Replevin bonds have been put on the same footing with bail bonds, and are considered not to be within the meaning of that act (3 *Maule & Selw.* 155. *Dunlap*, 390.) It is also stated by Mr. Sellon, that the penalty of the bond, if forfeited, is a debt, and judgment must be entered to the full extent of it. (2 Sellon, 177.) The sureties are answerable to the amount of the goods replevied, and this amount is ascertained before the bond is given; there is, therefore no necessity for a jury to inquire into the matter.

Vol. III. 8

UTICA.
August, 1829.

There is another reason for exempting replevin bonds from the operation of the act for the amendment of the law. The very act which directs the bond to be given, and makes it assignable, provides, " that the court may by rule give such relief to the parties upon such bond as shall be agreeable to justice." (1 R. L. 94.)

I am therefore of opinion that the court decided correctly, that the plea was insufficient ; and that there is no error in entering the judgment in the court below to the full amount of the bond.

Judgment affirmed.