### COWDEN *vs.* PEASE.

An action on a *replevin bond* cannot be maintained, unless previous to the suit on the bond, a writ of *retorno habendo* has been returned *unsatisfied*, in whole or in part.

The issuing and return of such writ is however mere matter of proof, and need not be averred in the declaration.

DECLARATION on replevin bond. The plaintiff declared as the *assignee* of a *replevin bond*, alleged to have been executed on the first day of June, 1830. He set forth the issuing of a writ of replevin, that by virtue thereof, the sheriff took the goods and chattels in the writ specified out of the custody of the defendant in the same; that at the July term, 1830, of this court, the plaintiff in the replevin suit was *non-prossed*, and judgment of return of the goods was awarded in favor of the defendant. He then averred that no return of the goods had been made to the defendant in the replevin suit, but the same had been converted and disposed of by the plaintiff in replevin; and after setting forth the assignment by the sheriff of the replevin bond to the defendant in the replevin suit, (the now plaintiff,) he concludes by saying that an action had accrued to him to demand and have the penalty of the bond, and that the obligor had not paid the same. The defendant pleaded *non est factum* and a special plea, the purport of which is unnecessary to be stated, as it was admitted by the defendant's counsel to be bad. The plaintiff demurred to the special plea, and the defendant joined in demurrer, contending that the declaration was defective, and that as the plaintiff had committed the first fault in pleading, the defendant was entitled to judgment.

*G. C. Goddard,* for the defendant, in the first place submitted whether the action could be maintained in the name of the *assignee,* there being no express provision in the revised statutes, in reference to the action of replevin, authorizing a suit in the name of the assignee of the replevin bond. In the former statutes there was such a provision, 1 *R. L.* 93, § 8.

The revised statutes speak of the defendant in replevin as the assignee of the sheriff, and of his remedy upon the bond executed to the sheriff, but do not give an action in the name of the assignee. 2 *R. S.* 532, 3, § 58, 64. The assignee of a bond at common law must sue in the name of the obligee, and when it is intended by a statute to give the right to an assignee to sue in his own name, it is so expressly declared. Here is no such declaration, and the statute is satisfied by a suit in the name of the sheriff. But he chiefly insisted that the declaration was defective in omitting to state the issuing of a writ of *retorno habendo,* and that the same was returned *unsatisfied* in whole or in part ; contending that by the terms of the *revised statutes,* the defendant in replevin was not entitled to his action upon the replevin bond, unless the writ of *retorno habendo* was returned unsatisfied in whole or in part, 2 *R. S.* 533, § 64 ; and that the rule of pleading, as found in the English books, that an averment of the issuing of such writ is not necessary in a suit on the replevin bond, although correct in England, inasmuch as the statute there does not require it, cannot prevail here, as our statute makes the issuing and return of such writ prerequisites to the action ; and in support of this position he cited 4 *Cowen,* 39.

*M. T. Reynolds,* contra.

*By the Court,* NELSON, J.   The defendant's counsel admits the plea to be bad, but insists that the declaration is defective . in not averring the issuing of a writ of *retorno habendo,* and that the same was returned unsatisfied, and reposes himself upon the provisions of the revised statutes as found in 2 *R. S.* 533, § 64.   Such averment was not necessary previous to the revised statutes, 3 *Wendell,* 54 ; and they do not alter the form of pleading in replevin, as the condition of the bond is substantially the same as prescribed by the former statute, 1 *R. L.* 92, 3, § 4, 8, and 2 *R. S.* 523, § 7.   Under the former statute the plaintiff recovered judgment for the penalty, and the action on the replevin bond was held not to be within the statute requiring an assignment of breaches. 3 *Wendell,* 54.   Now the revised statutes require an assignment of breaches of the condition of the bond as in other cases, and the return of the sheriff

NEW-YORK,
May, 1833.

to the execution issued in the action of replevin, it is declared, shall be evidence of such breach, 2 *R. S. 533*, § 65 ; and the section immediately preceding, limits the recovery on the bond to the value of the property replevied, and the monies, damages and costs awarded to the defendant in the replevin suit, as the case may be. It is true that the suit on the bond cannot be commenced until the return of the execution unsatisfied in whole or in part, § 64 ; but this is matter of proof, as in a suit upon a recognizance of bail. 1 *R. L. 324*, § 6. 2 *R. S. 382*, § 31. The issuing of the *capias ad satisfaciendum* against the principal, and a return of *non est inventus* thereon, before the commencement of the suit against the bail, was always essential to the maintenance of such suit; but it was never necessary to aver in the declaration the issuing and return of such writ. We prefer retaining under the revised statutes the old forms of pleading, where it can be done without a violation of well established principles.

Judgment for plaintiff.*

* Decided January term, 1833.