NEW-YORK,
May, 1834.

Cowdin
v.
Stanton.

COWDIN *vs.* STANTON.

In an action on a *replevin bond*, the plaintiff is bound to prove a writ of *retorno habendo*, or other execution in his favor, *returned unsatisfied* in whole or in part, or he will fail in his suit.

And such proof must be given, although the plea of *non est factum* only be interposed, where it is not averred that the execution was returned unsatisfied.

Averments that the replevin suit was discontinued, that the defendant therein had judgment of *retorno*, and that no return of the goods had been made by the plaintiff, but that on the contrary he had converted them to his own use, will not relieve the plaintiff in the suit on the bond, from furnishing the required proof.

THIS was an action of debt on a *replevin bond,* tried at the Albany circuit in March, 1831, before the Hon. JAMES VANDERPOEL, one of the circuit judges.

The plaintiff in his declaration states, that on the 1st June, 1830, at, &c. he was possessed of certain steamboat furniture, and that the *Steam Navigation Company,* by their agent, intending to obtain possession of the same, did, on the day and year aforesaid, sue out a *writ of replevin,* and deliver it to the sheriff of Albany to be executed ; and *on the day and year,* and *at the place last aforesaid,* Stanton, (the defendant in this suit,) on behalf of the Steam Navigation Company together with E. P. Pease, " made and executed their certain writing obligatory, commonly called a replevin bond sealed with the seals of the defendant and E. P. Pease, and now shown to the court here, and which said writing obligatory or replevin bond is in the words following, " setting forth the bond *verbatim,* the date of which was the 26th *August,* 1830, and was conditioned that the Steam Navigation Company should prosecute their suit to effect and without delay ; and if the defendant recovered judgment against them, that they should return the property, if return thereof should be adjudged, and should pay the defendant all such sums of money as might be recovered against them by the defendant for any cause whatever. The plaintiff then avers, that by virtue of the writ of replevin, the sheriff took the goods and

chattels out of his custody, and in other respects duly executed the writ; and that afterwards, to wit, as of *July* term of this court, in the year aforesaid, the Steam Navigation Company suffered a discontinuance, and judgment was rendered that he, the present plaintiff, but defendant in that suit, go thereof without day, and have a return of the goods and chattels in the plea named. The plaintiff further avers that such judgment remains in full force and effect, and that no return of the goods and chattels hath been made by the Steam Navigation Company, but the same have been converted and disposed of by such company to their own use. The plaintiff then sets forth an assignment to him of the replevin bond by the sheriff, alleges the accruing of the action, and concludes in the usual form. The defendant pleaded *non est factum*, and a special plea which has been adjudged bad on demurrer, and therefore is not here noticed. On the trial of the cause, the bond set forth in the declaration was read in evidence; it bore date on the 26th *August*, 1830, and the plaintiff proved that he had attended with counsel and witnesses two or three trials before the sheriff on a claim of property interposed by him upon several writs of replevin sued out by the Steam Navigation Company, and had succeeded in establishing such claim. The witness who testified to this fact stated that he had been the counsel of the plaintiff upon such trials, and that $25 was a reasonable compensation for counsel fees and other incidental expenses beyond the taxable costs. He stated that the suit in replevin, in which the bond in question was given, was discontinued, and the costs of the defendant in such suit fully paid and settled. The defendant offered to prove an *accord and satisfaction*, which evidence was objected to and rejected by the judge as admissible under the pleadings. The jury found a verdict for the plaintiff for $125, which the defendant now moves to set aside.

*I. L. Wendell*, for the defendant.

*M. T. Reynolds*, for the plaintiff.

NEW-YORK,
May, 1834.

Cowdin
v.
Stanton.

*By the Court,* SAVAGE, Ch. J.   It is contended by the defendant's counsel that the plaintiff was not entitled to recover, because he did not show a writ of *retorno habendo* returned unsatisfied in whole or in part.   The revised statutes provide 2 R. S. 533, § 64 that if any writ of return, or other execution in favor of the defendant, shall be returned unsatisfied in whole or in part, an action may be brought upon the bond to recover the value of the property replevied, and the damages and costs.   It has been held, in *Cowdin* v. *Pease,* 10 Wendell, 333, in an action on this same bond, that the suit cannot be commenced on the bond until the return of the execution unsatisfied in whole or in part ; but that this is matter of proof, and need not be averred in the declaration.   No proof of that kind was offered on the trial.   The plaintiff's counsel insists that such proof was not necessary, the facts being admitted by the pleadings.   The plaintiff averred in his declaration that the navigation company discontinued their suit, and that the defendant had judgment that he have a return of the goods and chattels, and that no return of the goods and chattels had been made, but that the same had been converted and disposed of by the navigation company.   The defendant, by pleading *non est factum,* merely put in issue the fact of the execution of the bond, and admitted all the averments which were well pleaded.   It may be conceded, therefore, that the defendant admitted that the goods and chattels had not been returned, but were converted and disposed of by the Steam Navigation Company ; but it does not necessarily follow that they would not have been surrendered up to the officer upon a writ of *retorno habendo.*   By the decision last cited, and the revised statutes, no action lies until such writ shall have been returned unsatisfied in whole or in part.   Such return is therefore a condition precedent, and must be shown.   I am not disposed to deny that the fact may be admitted by pleading as well as proved by evidence ; but in this case nothing more is admitted by the plea than what has been averred in the declaration, and in that nothing is said about the issuing of any writ of *retorno,*

The plaintiff having failed to prove the issuing of a writ of *retorno habendo,* and that the same was returned unsatisfied, in whole or in part, the defendant is entitled to a new trial.