## SUPREME COURT.

### WILSON agt. WHEELER.

After issue joined in an action to recover the possession of personal property, and a stipulation to try, the plaintiff again neglected to bring the cause to trial, but entered a rule to discontinue and tendered the costs.

*Held*, that the defendant could not move for the dismissal of the complaint and a judgment for a return, &c. His remedy, since the Code, is to notice the cause for trial and then take such judgment as the case may require.

The plaintiff in such action, where the property has been delivered to him, and after issue upon a plea or answer entitling the defendant to a return, &c. can not discontinue the suit by an entry of a rule and payment of costs.

Though as a general rule, the plaintiff may discontinue as a matter of course (on payment of costs), at any time before verdict, writ of inquiry, or rule for judgment.

*It seems*, that where the property has been delivered to the plaintiff and he does not succeed, and the defendant is in no default in pleading or otherwise, and the suit is not abated by the act of God, the defendant is entitled to a judgment for a return of the property or for its value.

*It seems*, that after issue joined, if the defendant wishes for more than a dismissal of the complaint with costs, under the Code he must notice the cause for trial.

*St. Lawrence Special Term, February* 1851.

C. ANTHONY, for defendant, moved for judgment of dismissal of the complaint, and for judgment for the value of the property, and for a reference or writ of inquiry to ascertain the value. The action was to recover the possession of personal property, consisting of a quantity of furniture, which had been taken from the defendant and delivered to the plaintiff by an affidavit and endorsement thereon, pursuant to § 208 of the Code. He read an affidavit, showing that the plaintiff had before neglected to bring the cause to trial, and had stipulated to do so, but again had neglected to do so, and that the property had been delivered to the plaintiff and used by him in a tavern until some of it had been destroyed. He insisted that he was entitled to a judgment for a return or the value of the property and damages for taking.

C. G. MYERS, showed by affidavits that the plaintiff had, before notice of this motion, given notice of a rule to discontinue and offered to pay the costs.

Wilson agt. Wheeler.

HAND, Justice.—The question is, whether in an action of replevin, or, as it is now called, to recover the possession of personal property, the plaintiff can discontinue, upon payment of the costs merely, where the property has been delivered to the plaintiff, and the defendant has put in an answer entitling him to a return. The defendant insists that he has a right to a judgment for a return of the property, or the value of it, as he shall elect, notwithstanding the attempt of the plaintiff to discontinue.

There are some old cases that seem to be against the plaintiff. In one, it was said, that in replevin, the plaintiff can not discontinue without the privity of the court (Bear vs. Underwood, *Leon.* 105); and in another, the right to discontinue with leave, seems to have been doubted; for after joinder in demurrer, plaintiff obtained a rule for the avowant to show cause why he should not discontinue upon payment of costs; and it was objected that a discontinuance in replevin is very different from a *non pros,* and that after a discontinuance, a writ *de retorno habendo* could not be awarded. The matter, however, was afterwards disposed of by consent of parties (*Barnes,* 171; 2 *Sell. Pr.* 166). And where the suit abated, a return was adjudged, and one reason given was, that otherwise the defendant would not be placed *in statu quo* (Salkeld vs. Skelton, *Cro. Sac.* 519; *Lill. Pr. Reg.* 161). If the plaintiff fails to reply after the defendant has put in an answer which, if true, entitles him to the property, the defendant may apply for judgment of return, or, I have no doubt may, if he so elects, have the value assessed by a writ for that purpose; as well as his damages (*Code,* § 154).

The provisions of the Code alone, by no means constitute a complete system of practice, and both parties would have a doubtful remedy, were not the former practice in the action of replevin, in force in many respects. By § 470 that action is not exempted from the operations of the Code; but it is not declared that all other statutes upon the subject are repealed; and § 469 preserves the old practice applicable thereto, when not in conflict with the Code. By the former statute, if the defendant obtained judgment by discontinuance or nonsuit, or by default, &c. after a plea

entitling him to a return, and the property had been delivered to the plaintiff, he might have judgment for a return or for the value, with damages for detention (2 *R. S.* 531, §§ 53, 4, 5). It is said there is no discontinuance until it is entered on the roll, for a record can not be discontinued but by matter of record (1 *Lee's Dic.* 490). And Gaselee, J. in Fanshawe vs. Heard (1 *M. & P.* 191), said it had been so ruled at *nisi prius* (and see Brand vs. Peacock, 1 *B. & C.* 649). It has also been said that it could not be entered without the consent of the court (1 *Lee's Dic.* 491). But, as a general rule, the plaintiff may discontinue as a matter of course, upon payment of costs, at any time before verdict, writ of inquiry, or rule for judgment (2 *Sell. Pr.* 335; *Gra. Pr.* 493; 2 *Tidd's Pr.* 628; 1 *Burr. Pr.* 199, 383; *Tidd's Forms,* 122; *Impey,* 486). But I have found no case where the defendant has been allowed to enter up interlocutory judgment and have a writ of inquiry, after the plaintiff had so voluntarily discontinued. Perhaps he may, on the rule being entered without payment of costs, enter up judgment for costs (2 *R. S.* 615, § 16; James vs. Delavan, 7 *Wend.* 511); and enter the discontinuance upon the roll (Brandt v. Peacock, *supra*). Though C. J. Savage said, in James v. Delavan, *supra,* that on payment of costs the discontinuance was complete. And I am inclined to think that the statute (2 *R. S.* 531, § 53, 4, 5,) applies to those cases where the defendant takes judgment of discontinuance, as of process, &c., and not where the plaintiff enters the rule. The latter is the plaintiff's act (1*Saund. R.* 230, A. N. L., 195, *c. n. i.* Webb vs. Hill, *M. & M.* 253; Nicholson vs. Cogshill, 4 *B. & C.* 21). A *non pros.* or involuntary discontinuance, or judgment on a plea in abatement, is a different thing (Conden vs. Pease, 10 *Wend.* 333; McFarland vs. McNitt, 10 *Wend.* 329; Ex parte Fort, 6 *Cow.* 43; *S. C. id.* 439; *Wilkinson on Rep.* 71; Small vs. Walgrave, *Comyn R.* 122). It would be unreasonable to allow the plaintiff to discontinue merely upon payment of costs, where he obtains from the defendant, possession of personal property, *pendente lite,* by the forms of law. The old cases under the English statutes evidently favored a return (Salkild vs. Skelton, *supra;*

Moore vs. Watts, 2 *Salk.* 581; Anon. *Skinner*, 594; 1 *Saund. R.* 195, *e. d.*; 2 *id.* 286. And see Long vs. Buckerridge, 1 *Str.* 106, 112).

It is unnecessary to inquire whether, under the Code, the defendant has a remedy upon the undertaking without an execution returned unsatisfied; for I now think of no case in which the defendant is not entitled to a judgment for a return or for the·value, where the plaintiff does not succeed, and the defendant is in no default, in pleading or otherwise; nor the suit abated by the act of God. Possibly, the defendant may maintain a suit upon the undertaking without judgment, as the phraseology is not precisely the same in the Code, as it is in the Revised Statutes (2 *R. S.* 524, § 7; 533, §§ 64, 5; *Code,* § 209; Cowden vs. Pease, 10 *Wend.* 333; Cowden vs. Stanton, 12 *Wend.* 120; Burckle vs. Luce, 1 *Comst.* 123; 3 *id.* 47; Gould vs. Warner, 3 *Wend.* 54; Webber's Ex'rs vs. Underhill, 19 *Wend.* 447; Axford vs. Perrett, 4 *Bing.* 586; Perreau vs. Beacon, 5 *B. & C.* 284; Harrison vs. Wardell, 5 *B. & Adolph.* 146); though it is not necessary to decide that point now. So too, if the defendant had ratified this discontinuance, I think he could have taken the property, peaceably, or brought suit for it (Burckle vs. Luce,·6 *Hill,* 558; Yates vs. Fassett, 5 *Denio,* 33, and cases there cited; Morris v. Dewitt, 5 *Wend.* 71). But I see no reason why he should not have a perfect remedy in this suit.

But, notwithstanding the plaintiff may not discontinue, I have come to the conclusion that the defendant has mistaken his remedy. In the case of Cusson vs. Whalon, an action for a trespass, on a motion argued since this case and just decided by me, I came to the conclusion that this court has given a construction to the Code (§ 274) by rule 23; and that the defendant may move for a dismissal of the complaint for not going to trial, and have a judgment for his costs. But I also thought, that if he desired other relief—for something more than the dismissal of the suit— he must notice the cause for trial. The rule, and § 274, authorize the court to dismiss the complaint with costs. But where the defendant notices the cause, he may have a dismissal, verdict, or

judgment, as the case may require (*Code*, § 258; *Contra*, Mann vs. Lovejoy, *Ryan & Mood.* 355). This may be a narrow view of the practice, and I have no doubt judgment for a return may be given on a dismissal for not serving the complaint, (§ 130, 274; Littlefield vs. Murrin, 4 *How.* 306; Colvin vs. Bragden, 5 *id.* 124), or for want of a reply, &c. (§ 154). But where the cause, as here, is at issue, and the Code points out convenient practice; and besides, is not very full in prescribing modes of obtaining judgment by the defendant, or in providing for costs upon a writ of inquiry; and doing it at the circuit is as convenient, and perhaps the least expensive; it is better that the defendant should notice the cause for trial and take judgment there. If the suggestion that on the plaintiff entering a rule to discontinue, the defendant could not affirm it and enter up judgment for a return under the former practice be erroneous, still, I think, after issue joined, under the Code, the defendant had better go to the circuit. The Code seems to indicate that course.

However, I shall not give the plaintiff costs of this motion. Both parties have mistaken the practice, which, in some respects, is now so obscure that it would be unjust to impose costs until it becomes more settled. Motion denied.