CORNISH AS. AD. VS. KEESEE.

Before the defendant in an action of replevin, where the plaintiff has failed to prosecute his replevin suit with effect, can maintain a suit upon the bond against the security, he must obtain some judgment in the action, against the plaintiff; and an execution must be issued thereon and returned unsatisfied in whole or in part.

*Error to Union Circuit Court.*

Hon. THOMAS HUBBARD, Circuit Judge.

CARLETON, for the plaintiff.

MARR, for the defendant.

Mr. Chief Justice ENGLISH delivered the opinion of the Court.

This was an action of debt, brought by John H. Cornish, as administrator of John H. Hines, deceased, and assignee of Shadrack D. Drennon, sheriff, &c., against George W. Sims and Gideon Keesee, in the Union Circuit Court, upon a replevin bond.

The declaration alleged, that, on the 26th of April, 1853, the defendant, Sims, as principal, and the defendant, Keesee, as security, executed to Drennon, as sheriff of Union county, a replevin bond of that date, in the penal sum of $1600, conditioned as follows: That, whereas, *Sims* had sued out of said Circuit Court a writ of replevin against *Cornish*, returnable to the June term, 1853, by which the sheriff, Drennon, was commanded to replevy a slave named *Catron*, and deliver her to *Sims*; now if *Sims* should prosecute his replevin suit to effect and without delay, and if *Cornish* should recover judgment against him, *Sims*, in said action, he would return said slave, if return thereof should be ad-

judged, and pay *Cornish* all such sums of money as should be recovered against him, *Sims*, by *Cornish* in said action, for any cause whatsoever, then said obligation was to be void, else to remain in full force, &c., which bond and condition were approved by Drennon, as sheriff, &c.; and, thereupon, the slave was taken from the plaintiff, *Cornish*, and delivered to the defendant, *Sims*. That prior to the issuing and service of said writ of replevin, Cornish had been appointed by the Probate Court of Union county, administrator of said John H. Hines, deceased, and held said slave as such, and as the property of Hines. Profert is made of the letters of plaintiff, as such administrator.

Breaches of the bond are assigned, in substance, as follows:

1. *Breach:* That *Sims*, with an attempt to defraud *Cornish*, as such administrator, falsely and fraudulently instituted said suit of replevin against him, that by means thereof, he (well knowing his title to said slave was fraudulent and void) might obtain possession of said slave. That he did get possession of her by means thereof; that at the time, and ever since, he, said *Sims*, was and has been, a non-resident of this State; and having obtained possession of her, he has, with like fraudulent intent, run her out of the jurisdiction of the court, and beyond the limits of this State, to parts unknown, &c. And has heretofore, well knowing he could not succeed, abandoned and neglected, and still does neglect to prosecute his said suit of replevin against said Cornish with effect, and without delay, but wholly fails and neglects so to do, whereby said Sims has falsely and fraudulently converted said slave and her hire to his own use, to the damage of plaintiff, as such administrator, to the value of said slave, *to wit:* $900, and of her hire, worth $300, &c.

2d. *Breach:* That after the commencement of said replevin suit by *Sims*, for the purpose aforesaid on his part, on the 27th of June, 1853, one Rhoda Hines, the widow of said John H. Hines, exhibited her bill in the chancery side of Union Circuit Court, against said Cornish and Sims, claiming said slave as her separate property, alleging that Sims was a non-resident of the State; that

he had no means in the State; that Cornish was hopelessly in-
solvent; that Sims' claim to said slave was fraudulent, and that
she had petitioned to become party to said replevin suit, but by
the strict rules of law and the decision of the court, she had been
refused; praying a temporary injunction; that said dispute be-
tween Cornish, Sims and herself, about the title of said slave,
might be removed to that forum; and that Sims be enjoined from
further prosecuting said replevin suit in the law side of the court,
which temporary injunction was granted, and said dispute re-
moved to said Chancery Court, and Cornish and Sims made par-
ties thereto. That Cornish filed his answer and cross bill to said
bill in chancery, charging, among other things, that the preten-
ded claim of said Sims to said slave was fraudulent and void.
That afterwards, at the December term, 1854, of said Chancery
Court, it was adjudged and decreed that the claim of Sims in the
replevin suit against Cornish, to the slave, was fraudulent and
void; that he be forever restrained from further prosecuting said
replevin suit against Cornish for the recovery of said slave; that
said temporary injunction be made perpetual; that said replevin
bond be condemned as forfeited, and that the same be forthwith put
in suit at law, to recover the value of said slave and her hire, and
that Sims pay the costs of the replevin suit; which decree re-
mains in full force, &c. The value of the slave and her hire, and
the amount of the costs in the replevin, and in the chancery suits,
are averred. It is also alleged, that execution had been issued
against Sims upon the decree, and returned no property found.

3 *Breach :* That plaintiff, Cornish, held said slave as adminis-
trator of said John H. Hines; that Sims' claim to the slave was
fraudulent and void as to Cornish; that Sims, who was a non-resi-
dent of the State, fraudulently, and with an intent to defraud
Cornish as such administrator in that behalf, procured said writ
of replevin to be sued out against Cornish at the time, place, and in
the manner aforesaid, that he might, under color thereof, get
possession of said slave. That he procured, with the like
fraudulent intent, said writ to be levied on said slave, and her

26c

delivery into his possession; and, thereupon, fraudulently, and for the purpose of defrauding Cornish, as such administrator, out of said slave, run her out of the jurisdiction of the court, and beyond the limits of this State, and to parts unknown, &c., and wholly abandoned and neglected to prosecute said writ of replevin. That afterwards, on the 27th day of June, 1853, said Rhoda Hines, widow of said John H. Hines, exhibited her bill on the chancery side of said court, claiming said slave as her separate property, and charging, among other things, that the claim of Sims set up in said replevin suit against Cornish, to said slave was fraudulent and void; that Sims was a non-resident; that he had removed said slave beyond the limits of the State; that he had no property or effects in the State; that the claim of Cornish to the slave as the property of her said husband was unjust; that Cornish was insolvent, and a judgment against him would be worthless; and that there was nothing within the jurisdiction of said Chancery Court, except the said replevin bond; praying an injunction of said replevin suit; that Cornish and Sims be made parties; that the whole matter be adjusted in the Chancery Court, and she substituted to the rights of Cornish to the said replevin bond. That Sims and Cornish were made parties to said suit in chancery; that Cornish answered the bill, and charged, as by cross-bill, that the claim of Sims to said slave was fraudulent. That the whole matter in relation to the title to said slave was removed from the law to the chancery side of the court. That Sims failed to make any defence to the bill; or to prosecute his said replevin suit against Cornish with effect, and without delay, but in all things wholly made default. That, at the December term of said Chancery Court, 1854, it was decreed, that the claim of Sims to the slave was fraudulent and void, that he be forever restrained from further setting up his title to said slave; that said replevin bond be, and it was condemned as forfeited by reason of the default of Sims; that said bond should forthwith be put in suit at law to recover the value of said slave and her hire, and that Sims pay all the costs of the replevin and chancery suits; which decree remains in full force,

&c. The value of the slave, her hire, and the amount of the costs in each suit are averred. That, by an agreement entered of record, and the decree of the Chancery Court made at the December term, 1854, the said replevin bond, and the recovery thereon, were to go to, and belong to Cornish, as administrator of said John H. Hines, less certain amounts to be deducted out of said money after recovery; and said recovery, except as therein stated, will belong and enure to plaintiff as such administrator. That execution had been issued against Sims upon the decree, and returned no property found, &c.

That the replevin bond being so forfeited, it was assigned by Drennan to the plaintiff, as such administrator, at his request, &c.

That defendants had not paid to said plaintiff the value of said slave, nor her hire, nor returned her to him. Nor had they paid the costs in the replevin or chancery suit.

General breach—nor payment of the replevin bond.

Sims not having been served with process, the cause was dismissed as to him. Keesee demurred to the declaration on the following grounds:

1. There is no allegation in either of said breaches, that the plaintiff in this suit ever obtained judgment of any kind whatever against Sims, the plaintiff in the replevin suit.

2. There is no allegation in either of said breaches, that Sims failed to prosecute the replevin suit with effect and without delay, or that the defendant therein, (the plaintiff in this suit) recovered any judgment whatever in said action of replevin, or that any return of the property sued for therein was ever adjudged to the plaintiff against Sims, and that he failed to return the same, or that any sum or sums of money whatever were recovered against Sims by the said plaintiff in said replevin suit, and that Sims failed to pay the same.

The court sustained the demurrer, and the plaintiff resting, final judgment was rendered in favor of defendant.

Plaintiff brought error.

The replevin bond sued on is conditioned according to the provi-

sions of *sec.* 11, *chap.* 136, *Digest;* and, is in form, a good statutory bond, as set out in the declaration.

Before the defendant in an action of replevin, can maintain a suit upon the bond against the security, he must obtain some judgment in the action against the plaintiff, and an execution must be issued thereon, and returned unsatisfied, in whole or in part. *Digest, chap.* 136, *secs.* 11, 29, 30, 37, 38, 39, 40, 43, 44, 45, 46, 47, 51, 52 ; *Cowden vs. Pease,* 10 *Wend. Rep.* 334; *Cowden vs. Stanton,* 12 *Wend.* 120 ; *Gould vs. Warren,* 3 *Wend.* 54. The provisions of the New York statute, on which these decisions were made, are similar to ours.

In this case, the declaration shows no judgment whatever against Sims in favor of Cornish in the replevin suit. It was held, in the above cases, that the issuance and return of the execution were matters to be proven, but need not be averred in the declaration. Be this as it may, it was clearly necessary to aver a judgment, &c.

Keesee was not a party to the chancery suit, and his rights or liabilities were not affected thereby.

If he had been a party the court could not have rendered any decree, enlarging or changing the conditions of the bond, so as to make him responsible otherwise, or upon other conditions than were stipulated by the terms of the obligation *Badlaw vs. Tucker,* 1 *Pick.* 285 ; *Whitewell et al. vs. Burnside,* 1 *Metcalf* 39.

The judgment of the court below is affirmed.

Absent, Mr. Justice SCOTT.