By the Goübt—Boswobth, Ch. J.
The judgment in the action of Belachapelle v. Thompson, should have been in form; that the plaintiff recover the possession of the property; or the value thereof as assessed, in cuse a delivery cannot be had; and the damages assessed for the detention thereof' and the costs as adjusted. (Fitzhugh v. Wiman, 5 Seld., 559-562; Dwight v. Enos, id., 475.)
But though not entered in the alternative form, it is not void; it is erroneous merely.
It was entered on the 24th of January, 1856. This action was commenced on the 28th of April, 1856, and the complaint informed the defendant, in what form the judgment had been entered. His answer was verified on the 11th of August, 1856, and it alleges, “ that the judgment mentioned in said complaint, as having been recovered in said action, is wholly void and of no effect.”
The judgment could not be set aside on motion for irregularity, unless such motion was made within a year after judgment rendered. (2 R. S., 359, § 2; Code, §§ 174, 173.)
More than a year had elapsed between the entry of such judgment and the trial of the present action. The right of the defendant, Thompson, to appeal had elapsed, if notice of the judgment was served at or near the time it was rendered. Neither Thomp *102 son nor the Sheriff could have moved, at the time the trial of this action was commenced, (more than a year having elapsed since said judgment was rendered,) to set it aside, as irregular, on motion. It is clearly regular and valid, so far as it relates to the damages assessed for the detention of the property, and the costs of the action. It was erroneous in form, in not adjudging a return of the property, and a recovery of its value only in case a delivery of the property could not be had.
The execution issued, followed and conformed to the judgment. That, therefore, was regular, assuming the judgment to be valid, until reversed or modified. The Sheriff having discharged Thompson from custody, on taking bail, who failed to justify, the question is, what is the nature and extent of the Sheriff’s liability ?
The concluding sentences of section 187 prescribe the terms of the undertaking which it was the duty of the Sheriff to exact, and section 201, bis liability, in case he takes bail who do not justify.
By declaring that “ the Sheriff shall himself be liable as bail,” section 201 must mean, that if the order to arrest and hold to bail makes it his duty to take such bail as is prescribed, when the arrest is made under subdivision 3 of section 179, his liability will be the same as that of such bail would be. His liability is thesame as that of such hail would be (if they had justified), and if a judgment, in such form, had been subsequently entered, as has been actually entered in that cause. Such bail cannot exonerate themselves, by a surrender of their principal. (§ 188, and §§ 187 and 211.)
In cases of an arrest of a defendant, by a Sheriff, by virtue of an order granted under the other subdivisions of section 179 of the Code, the liability of the Sheriff, in case he allo.ws a defendant to go at large, on his giving an undertaking, with sureties, who fail to justify, is the same, as that of such sureties would have been had they justified.
The undertaking, which it was the duty of the Sheriff to take, in the case before us, and the one which he did in fact take, is to the effect, that the persons, executing it “ become bound to the plaintiff in the sum of $800, for the delivery of said property to the plaintiff if such delivery shall be adjudged, and for the pay *103 ment to him of such sum or sums of money as may, for any cause, be recovered against the defendant in this action.”
The plaintiff in that action, recovered against the defendant therein, a judgment for the sum of $666.47, which is wholy unpaid.
Chapter 2 of title 7 of the Code does not declare when, or on what contingencies, an action may be brought on an undertaking, given under that chapter. (§§ 206-217, inclusive.)
Section 471 of the Code, declares that “the second part of this act” (the Code), “ shall not affect” “ any existing statutory provisions relating to actions, not inconsistent with this act, and in substance applicable to the actions hereby provided."
By 2 Revised Statutes, 523, section 7, subdivision 2, the Sheriff was required to take from a plaintiff in the action of replevin (for which a “ claim and delivery of personal property,” chap. 2, title 7, of the Code is a substitute,) a bond with a condition, in terms, substantially like that of the undertaking required, when a defendant is arrested and held to bail under subdivision 3 of section 179 of the Code. (See §§ 187 and 211 of the Code.)
Section 64, of 2 Revised Statutes, 533, (and Cowden v. Pease, 10 Wend., 333, and Cowdin v. Stanton, 12 Wend., 120, decided under it,) are cited, as establishing the proposition, that no action will lie against the sureties to a bond executed under subdivision 2 of section 7 of 2 Revised Statutes, 523, until a writ de retorno habendo, had been issued and returned unsatisfied.
Section 64 of 2 Revised Statutes, section 533, provides that, “ if any writ of return, or other execution, issued in favor of the defendant in the action, shall be returned unsatisfied, in whole or in part, such defendant, or his representatives, may have an action upon the bond executed by the plaintiff and his sureties to recover the value of the property replevied, and the moneys, damages and costs awarded to such defendants, as the case may be, and such bond may be assigned to such defendant, or his representatives, on their request.”
Cowden v. Pease, (10 Wend., 333,) came before the Court, on demurrer, and the Court held, that it was not necessary to aver in the declaration that an execution had been issued, but that such fact must be proved at the trial.
*104 Cowdin v. Stanton, (12 Wend., 120,) came before the Court, on a motion by the defendant for a new trial. Savage, Ch. J., said: “ It has been held, in Cowdin v. Pease, (10 Wend., 333,) in an action on this same bond, that the suit cannot be commenced on the bond until the return of the execution unsatisfied, in whole or in part; but that is matter of proof, and need not be averred in the declaration. No proof of that kind was offered on the trial.” (Id., p. 122.) In that case, no execution, of any kind, had been issued. In that case, it is true, Chief Justice Savage states, that it was admitted by the pleadings, “that the goods and chattels had not been returned, but were converted and disposed of by the Steam Navigation Company,” (the plaintiff in the replevin suit;) “ but it does not necessarily follow that they would not have been surrendered up to the officer upon a writ of retorno habendo. By the decision last cited, and the Revised Statutes, no action lies until such writ shall have been returned unsatisfied, in whole or in part.” (12 Wend., 122.) These observations may be conceded to be accurate, when made of a judgment, which, by its terms, awards a return of the property, and should probably, be understood as having been spoken with reference to a judgment in that form. The declaration in each of those cases, (as reported in the 10th and 12th of Wend., supra,) states that such was the form of the judgment rendered.
But section 64 of 2 Revised Statutes, page 553, (above quoted,) declares that “ if any writ of return, or other execution, issued,” &c., “shall be returned unsatisfied, in whole or in part,” an action may be brought upon the bond. Under the Revised Statutes, a defendant in replevin might, in many cases, waive a return, and take judgment for the value of the property. (2 R. S., 531, §§ 53, 54, 55.) When judgment was taken for the value only, and for damages for the detention of the property, no retorno habendo would issue, but an execution against property would be issued. When that was returned unsatisfied, in whole or in part; by section 64, (2 R. S., 533,) the defendant might bring a suit on the replevin bond given by the plaintiff and his sureties.
In the case before us, the judgment rendered is for the recovery of money only. When a judgment merely requires the payment of money, an execution “against the property of the judgment debtor,” is the appropriate and prescribed form. (Code, §§ 285, *105 286, and sub. 1 of § 289.) When the judgment requires the delivery of personal property, the execution, among other things, must direct “the officer to deliver the possession of the same,” &c. (Id., §§ 285, 286, and sub. 4 of § 289.)
In the case before us, the judgment requires the payment of money, and nothing else. An execution, in the form prescribed for such a judgment, has been issued and returned wholly unsatisfied. By section 64, (2 R. S., 533,) if that statute is applicable to these proceedings, an action might, thereupon, be brought against the parties executing the undertaking received by the Sheriff, if they had justified. By the terms of that undertaking, they agreed to be liable “ for the payment,” (to Delachapelle,) “ of such sum or sums of money as may, for any cause, be recovered against the defendant in” (that) “action.” In that action, by the judgment rendered in it, he recovered against the defendant therein the sum of $666.47. If that judgment is valid, and if its regularity cannot be impeached or inquired into collaterally, it is evident that such sureties, had they justified, would be liable, in an action against them, for that sum.
The Sheriff being liable as bail, and in the case before us being liable as such bail, the plaintiff, as the assignee of Delachapelle, is entitled to judgment on his verdict, if the judgment rendered is valid, until amended or reversed.
I think it needs no citation of authorities to show that it is not void, and that its regularity cannot be called in question collaterally. (Croghan v. Livingston, 17 N. Y. R., 218, 221-223.)
It was not necessary that an execution against the person of Thompson should have been issued and returned, before the right to bring this action would accrue. That is necessary only when an arrest has been ordered and made under the subdivisions of section 179, other than subdivision 3. In all cases except the one last named, the bail are discharged if the defendant is found and arrested on an execution against his body. He may surrender himself to the Sheriff of the county in which he was arrested, or be surrendered by his bail, in exoneration of their liability. (Code, §§ 188,191.)
But bail for a party arrested under subdivision 3 of section 179, are precluded from discharging their liability, by a surrender of their principal. (§ 188, sub. 2.) They become, by the *106 terms of their undertaking, sureties for the actual payment of any sum that may be recovered against their principal. (§§ 187, 211.) In arrests for other causes, their undertaking is, simply, that their principal “ shall, at all times, render himself amenable to the process of the Court, during the pendency of the action, and to such as may be issued to enforce the judgment therein.” (§ 287.)
The consents given by the attorney of Delachapelle, that the hearing of the order to show cause, made on the 2d of October, 1855, be adjourned from time to time, from the 6th to the 24th of October, do not affect the Sheriff’s liability. They neither increased nor affected his risk. Had the order made on the 24th of October, 1855, been complied with, and sureties been given,, who justified, the Sheriff would have been relieved from liability.
Whether the deputy did or did not consent to such adjournments, was wholly immaterial. And whether the Sheriff or his deputy could or could not have subsequently arrested Thompson, and omitted to do so, is of no consequence, if the views already expressed are correct.
The assignment executed by Delachepelle to the plaintiff, transferred the cause of action for which this suit is brought. (Bowdoin v. Calman, 6 Duer, 182.)
The plaintiff must have judgment on the verdict. On making up the case, under the stipulation made at the trial, the evidence as to the consent of Bensel to the adjournments of the hearing upon the order to show causé, and as to his having been requested to rearrest Thompson, after the 29th of October, 1855, should be omitted, as it is disregarded by the Court, at General Term, in forming the conclusions above expressed.
Judgment for plaintiff on the verdict.